## WALKER et al. v. HAYS.

No. 17550. Opinion Filed Oct. 11, 1927.

(Syllabus.)

**Taxation—Exemption of Houses Built by Indian on Exempt Allotment—Injunction Against Collection of Tax Warrants.**

An Indian built houses on his own allotment. The tax ferret caused the houses to be placed on the tax rolls and a tax levied against them separate and apart from the land itself. No appeal was taken from the order placing the houses on the tax rolls. The allotment of the Indian was not subject to taxation at the time the taxes were levied. When the houses were built on the allotment, under the circumstances in this case, they became a part of the allotment and could not be taxed. In such case the taxing authorities had no jurisdiction to levy taxes against the houses, and an injunction will lie to prevent the sale of the houses in satisfaction of the taxes.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Injunction by Daniel Hays against W. B. Walker, sheriff, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Tom D. McKeown and C F. Green, for plaintiffs in error.

A. C. Chaney, for defendant in error.

HEFNER, J. This action was commenced in Pontotoc county by defendant in error, Daniel Hays, as plaintiff, against plaintiffs in error, W. B. Walker, sheriff, Albert Chamberlain, treasurer, and R. C. Hurst, tax ferret, as defendants, to restrain the defendants from collecting certain tax warrants against the property of the plaintiff. The parties to this appeal will be referred to as plaintiff and defendants, as they appeared in the trial court.

The plaintiff is a half-breed Chickasaw Indian and his homestead allotment is partly located in the city of Ada, upon which there are several dwelling houses. The houses were built under the supervision of the Commissioner to the Five Civilized Tribes and with money that came into the hands of the Commissioner by sale of a portion of the restricted land of the plaintiff.

Defendant Hurst is the tax ferret for Pontotoc county, and in checking up the records found that plaintiff had failed to make return of six dwelling houses situated on his homestead allotment for the years 1921-1924, aggregating $50,000 in value. The tax ferret caused these houses to be placed on the tax roll and as personal property separate and apart from the real estate. It was not claimed that the land could be taxed. No appeal was prosecuted from the action of the county treasurer in placing the houses on the tax rolls. The tax warrants were issued and the sheriff offered the property for sale.

In the meantime, the plaintiff filed an affidavit of erroneous assessment, and the county commissioners, upon a hearing of the affidavit, held that the houses were not taxable and removed the property from the tax rolls. From this order defendants appealed to the district court. The defendants, when payment of the tax warrants was refused, at once advertised the property for sale and prior to the date of sale the plaintiff brought this action for a permanent injunction to enjoin defendants from selling the property. The court issued a temporary restraining order, which was afterwards made permanent, from which judgment the defendants appealed to this court.

Did the trial court have jurisdiction to enjoin the sale under the tax warrants? If the property could be taxed, when the tax ferret followed the procedure provided by law in placing it on the tax rolls and the plaintiff did not appeal therefrom, he would be bound thereby and, not having pursued his legal remedies, he would not be permitted to pursue the equitable remedy of injunction. If, on the other hand, the property was not taxable, the county officials had no jurisdiction whatever to levy a tax against the same and any levy made by them would be void, and if the levy was void, then the equitable remedy of injunction could be pursued to enjoin the sale of the property, because any

sale made under the tax warrants in such a case would be wholly void.

When these houses were built, it is shown that they were attached to the real estate in a permanent manner and without any intention whatever of ever removing or separating them from the real estate. Having been attached in a permanent way, as a permanent fixture, and without any intention or understanding that they should be removed, we think they became a part of the real estate and could not be assessed for taxing purposes as personal property separate and apart from the real estate.

The statute with reference to real estate for the purposes of taxation cannot be misunderstood. Section 9582, C. O. S. 1921, is as follows:

"Real property for the purpose of taxation shall be construed to mean the land itself: and all buildings, structures and improvements or other fixtures of whatsoever kind thereon; and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries and trees on or under the same."

It is clear from this statute that if the allotment of plaintiff is not taxable, then the houses placed thereon by him are not.

The patent was introduced in evidence and showed that the land was patented to the plaintiff and that he is an Indian. Under the Atoka Agreement all the allotted lands are nontaxable while the title remains in the original allottee, but not to exceed 21 years from date of patent. This period had not expired at the time the taxing authorities undertook to levy a tax against the houses. The land on which the houses were built was nontaxable. When the plaintiff built them on his own allotment they became a part of his allotment and as free from taxation as the allotment itself.

The cases holding that an injunction is not a proper remedy where the proper taxing authorities have properly placed the omitted property on the tax rolls, and that the remedy is by appeal, are not in point in this case, for the reason that the taxing authorities never had any jurisdiction in the case at bar to levy a tax against this property, and for that reason the proceedings are void and an injunction will lie.

The defendants say that the court committed error in permitting the plaintiff to introduce certain parol evidence showing that he was an Indian and that the houses were built with money obtained from the sale of restricted land. Under the view we take of the case, it is immaterial whether the allotment was or was not restricted against alienation or whether the houses were or were not built with money derived from the sale of restricted land. The patent to the land was introduced in evidence and the title still remains in the original allottee. The allotment was not taxable at the time the taxing authorities undertook to levy the taxes against it, and this is true whether the land was or was not restricted as to alienation at the time.

The trial court committed no error, and its judgment is therefore affirmed.

BRANSON, C. J. MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 37 Cyc. pp. 869 (Anno), 870, 1287, 1321.