CENTRAL COAL & COKE CO. et al. v. CARSELOWEY, County Assessor, et al.

No. 484.

District Court, N. D. Oklahoma.

May 1, 1930.

W. L. Curtis, of Ft. Smith, Ark., for plaintiffs.

Paul O. Simms, Co. Atty., and Edw. H. Brady, Asst. Co. Atty., both of Vinita, Okl., for defendants.

KENNAMER, District Judge.

This action was instituted by the complainants to enjoin the officers of Craig county, Okl., from assessing an ad valorem tax against the properties of complainants, and attempting to collect the taxes assessed for the year 1929. It appears from the allegations of the pleadings and the agreed statement of facts that the complainants are the owners of all the coal and coal rights under approximately eighteen thousand acres of land located in Craig county, Okl. The complainants acquired title to the coal and coal rights under the lands by warranty deeds executed by the fee owners of the land. The deeds executed were unqualified conveyances of all the coal and the right to mine and remove the same from the lands involved in this action. The interest of the complainants in the lands was assessed and placed upon the tax rolls for the year 1924 on assessments made and returned to the county assessor of Craig county by complainants. The interests of the complainants in the lands were assessed and the taxes paid for the years 1924, 1925, 1926, 1927, and 1928. The complainants paid the taxes for these years on an assessment of $12.50 per acre on the coal rights owned by complainants. The county equalization board of Craig county on the 4th day of June, 1929, increased the assessment of the complainants' property to $15 per acre, over the objections of complainants.

Complainants by this action seek to restrain the assessment and collection of any taxes upon their property upon the theory that the Legislature has made no provision for the listing of any minerals or mineral rights underlying the land as personal property, or separate and apart from the realty. In re Indian Territory Illuminating Oil Co., 43 Okl. 307, 142 P. 997; Walker et al. v. Hays, 127 Okl. 127, 260 P. 15; Kenoyer v. Board of Equalization of Ottowa County, 130 Okl. 3, 264 P. 891.

I am unable to agree with the contention made by counsel for the complainants. The authorities cited by the complainants do not decide the precise question here presented. In Re Indian Territory Illuminating Oil Co., supra, it was held: "Oil and gas, while lying in the strata of earth from which they are produced, must be taxed as real property to the owner of the land, if the land is taxable, under which for the time being they may lie." Mr. Justice Kane in delivering the opinion of the court construing section 7307, Revised Laws of 1910, said: "It is also observable that in many jurisdictions various interests in real property for purposes of taxation are made severable and assessable in the names of the owners of the respective interests. That, however, is not the case in this state. Under our system of taxation, real property, which for purposes of taxation means the 'land itself, all buildings, stocks, improvements, or other fixtures of whatsoever kind thereon and all rights and privileges thereto belonging or in anywise appertaining, and all mines, minerals, quarries or trees under or on the same,' must be assessed in the name of the owner of the land. This is in consonance with the general rule, which seems to be that where the law does not provide for a severance for purposes of taxation, and the lease is silent upon the subject, the obligation to pay taxes upon the leased premises devolves upon the lessor. Freeman v. State, 115 Ala. 208, 22 So. 560; People v. Barker, 153 N. Y. 98, 47 N. E. 46; East Tennessee, etc., R. Co. v. Morristown (Tenn. Ch. [App.]) 35 S. W. 771." The rule followed in this case is in harmony with many authorities applicable to leasehold estates. The reason for the rule is that the lease only grants the right to the lessee to produce minerals out of the fee owner's soil, leaving to the owner of the land all mineral in the ground, and granting to the lessee the right to produce, mine, and market the minerals, paying to the lessor a stipulated royalty. Such a grant has been held to be a chattel real, and under many statutes taxed as personalty. Harvey Coal & Coke Co. v. C. W. Dillon, Tax Commissioner, et al., 59 W. Va. 605, 53 S. E. 928, 6 L. R. A. (N. S.) 628, 636, 637. In the case of Peterson v. Hall, 57 W. Va. 535, 50 S. E. 603, it was held: "A lessee under an oil lease has no taxable vested estate in the oil in place, but that if it be conveyed in fee it is to be taxed separately from the surface." Article 10, section 2, of the Constitution of Oklahoma, provides: "The Legislature shall provide by law for an annual tax sufficient, with other resources, to defray the estimated ordinary expenses of the State for each fiscal year." Section 5

provides: "The power of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform upon the same class of subjects." Section 7304, Revised Laws of 1910, provides: "Real property for the purpose of taxation shall be construed to mean the land itself, and all buildings, structures and improvements or other fixtures of whatsoever kind thereon, and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries and trees on or under the same."

 It is quite clear from a consideration of the statute defining real property for the purposes of taxation that the term is all inclusive of all improvements or fixtures of every kind, and all rights and privileges thereto belonging, or in any wise appertaining, including mines, minerals, quarries, and trees on or under the same. It is obvious that the complainants in this case, having purchased all the coal under the lands involved in this action, are the owners of real estate within the statutory definition of realty. While it is true that the statute makes no specific provision for the separable assessment of the interest of the complainants in the lands involved, section 9574, Compiled Statutes of Oklahoma 1921, provides: "All property in this state, whether real or personal, including the property of corporations, banks and bankers, except such as is exempt, shall be subject to taxation." Section 5 of article 10 of the Constitution provides that the taxes shall be uniform upon the same class of subjects. This section of the statute evidences a legislative intention to tax all real property and personal property not exempt, in order that all property owners may bear their just proportionate share of the burden of taxation, and the Constitutional provision as to uniformity of taxes upon the same class or subjects relates to uniformity of burden, and not identity of method of enforcement. The constitutional provision was intended to cast an equal and equitable burden upon all classes and subjects of taxation, similarly situated. Galusha v. Wendt, 114 Iowa, 597, 87 N. W. 512; Anderson v. Ritterbusch, 22 Okl. 761, 98 P. 1002.

Clearly, coal underlying land is a part of it, and, as such, is taxable as real estate. Certainly, before it is removed, it is a part of the real estate, and constitutes an element and consideration in the fixing of the value of the real estate under which it is situated. The difficulty in such cases is in determining the value which it adds to the land. When the value of the coal is capable of estimation, such value should constitute an item for the valuation of the land. In the instant case the value of the coal underlying the land was fixed by the complainants at $12.50 per acre on the return made by them to the county authorities for taxation purposes, and by them paid for five years without objection. The record discloses that complainants paid $35 per acre for the coal and the coal rights in the land. It is settled by the authorities that property may be assessed for taxation at its fair cash market value. Whether the assessment placed upon the property (the coal and coal rights in the land) by the taxing authorities is fair is not before the court for determination. The Statutes of Oklahoma provide an adequate remedy for excessive assessments. The only question presented in this action is whether the property of complainants, which consists of the coal underlying certain lands and the coal rights, is subject to taxation.

If complainants' contention is sound that such property is not subject to taxation, then many owners of real estate in Oklahoma are escaping the burdens of taxation imposed by the Constitution and statutes of the state. That such interests are real estate is beyond doubt, and should be taxed as such. The statute plainly includes minerals in the term "real estate," and equally clearly provides that real estate shall be subject to taxation. I am therefore of the opinion that minerals in lands, being a part of the real estate, are subject to taxation.

 The next question for determination is the manner of assessing such minerals for taxation. Should they be included in the value of the land, or should they be considered as a separate subject for assessment? Fundamentally, the tax must be assessed against the land, and the owners of the land are required to pay such taxes. If there are several owners of the same parcel of land, or if there are joint owners, the tax is payable by the owners, but the amount each should pay is a matter for the owners to determine; the amount due by each owner is fixed by their own contract and arrangement, and generally the state is not concerned therewith, as the land is subject to the lien of the tax. It should make no difference in taxation whether the interests of owners of the same piece of real estate is divided or undivided; the entire parcel or the real estate alone should be taxed. It would seem to follow that the better practice would be to determine the value of the land, taking into consideration

the value of the coal deposits therein, when such is capable of valuation, and to assess the land for taxation upon its full and true value, leaving the amounts payable by the owners of the interests therein, whether divided or undivided, for the determination of the owners. However, there is no provision in the Statutes of Oklahoma prohibiting the assessment for taxation against the divided interests in real estate, when such interests have been fixed, and values placed thereon by the owners, or otherwise. In fact, there is much merit in this manner of assessment, for a division of the surface justifies separate assessment and taxation, and it seems that a division of the surface from the subsurface could likewise merit a separation in the assessment and taxation. In the case of Graciosa Oil Co. v. Santa Barbara County, 155 Cal. 140, 99 P. 483, 20 L. R. A. (N. S.) 211, the Supreme Court of California had under consideration taxing mining rights and privileges under an oil and gas lease, for a term of twenty years. It was held that the lease contract conveyed a substantial and specific part of the land to the lessee, and, although there was no specific statutory authority for taxing such interests, still it was subject to taxation as realty separately from the surface rights thereto. The Supreme Court of Oklahoma has held that oil and gas leases are not subject to taxation as a part of the realty, but in jurisdictions holding to the contrary, and in construing leases to convey interests in the real estate and to grant more to the lessee than a mere right to explore for oil or gas, as in the cited case from California, separate assessments are held to be proper, as there was no statutory prohibition thereto.

The state of Texas has a statute defining real estate for the purpose of taxation as including lands and all rights and privileges belonging, or in any wise appertaining thereto, and all mines and minerals, in and under the same. Sayles' Ann. Civ. St. 1897, art. 5062. The question was presented to the Court of Civil Appeals of that state as to whether mineral rights and minerals in place were property subject to taxation. It was decided that, when such minerals had been severed from the land, and the execution and delivery of a deed conveying such minerals and the right to explore for them constituted such a severance, they were property and subject to taxation. The minerals and mineral rights were assessed separately from the surface of the lands under which they were. State v. Downman (Tex. Civ. App.) 134 S. W. 787. I conclude the interest of the complainants in the lands involved may be severably assessed for taxation at the fair ascertainable market value. The further contention of the complainant corporation that its invested capital is not taxable for the reason it is "not doing business in the state" is untenable.

Section 9606, C. O. S. 1921, as amended by Session Laws 1925, p. 200, c. 135, provides:

"*Taxation of Corporations—Exceptions.* All corporations organized, existing or doing business in this State, for profit, other than public service corporations assessed by the state board of equalization, and other than national banks, state banks, and trust companies, shall be assessed upon the value of their moneyed capital, surplus and undivided profits, as the same existed on the first day of January of each year, in the county, town, district or city where such corporation is located, less the assessed valuation of any real estate located in this State owned by such corporation and listed separately in the name of such corporation. 'Moneyed capital,' as used in this section shall include money actually invested in the business of such corporation, whether represented by certificates of stock, debentures, or bonds."

In the instant case, the complainant corporation is a foreign corporation with respect to the state of Oklahoma, but has complied with the laws of Oklahoma and has obtained a permit to transact business within said state as a foreign corporation. Thus, this corporation has an existence in Oklahoma; it is entitled to use its courts and to enforce its contracts within the state in which it has qualified as a foreign corporation. Among the purposes for which the corporate complainant was organized was to buy land and to acquire coal, mineral, and mining rights. In functioning under its charter, it has acquired the interests sought to be taxed, and to that extent is engaged in business in Oklahoma. Complainant has submitted authorities in contending that it is not engaged in business in Oklahoma, but in my opinion none establishes that contention. However, the provision of the Oklahoma Statutes cited above provides that, if a corporation exists in Oklahoma, it is to be taxed upon the value of moneyed capital invested in the county where the corporation is located, unless it is real estate which has been taxed as such. I therefore conclude that, even if the interests in the lands herein considered, the coal and mining rights, is not subject to taxation as real estate to be assessed separately against

complainant, still complainant is subject to taxation upon its moneyed capital invested.

The relief prayed for by complainants is denied, and the bill dismissed at complainants' costs.