In re JOHNSON OIL REFINING CO.'S PROPERTY (2 cases).

BOARD OF COUNTY COM'RS OF PAWNEE COUNTY et al. v. JOHNSON OIL REFINING CO.

Nos. 23218, 23219, 23342.   Feb. 27, 1934.

Rehearing Denied March 20, 1934.

C. E. Mitchell, Co. Atty., Ed Waite Clark, P. E. Rowe, and R. K. Robertson, for Pawnee County.

Chas. Y. Freeman, McCollum & McCollum, West, Gibson & Sherman, and Davidson & Hull, for Johnson Oil Refining Company.

RILEY, C. J. The decisions of this court in the above causes, 162 Okla. 185, 19 P. (2d) 168, as applied to causes Nos. 23218, 23219, and 23342, were appealed to the Supreme Court of the United States. The judgments of this court were there reversed (Johnson Oil Refining Co. v. Oklahoma, 54 S. Ct. 152, 78 L. Ed. ___) and the causes were remanded to this court for further proceedings not inconsistent with the opinion of the Supreme Court of the United States.

The Johnson Refining Company has filed its motion in each case that, upon mandate from the Supreme Court of the United States, the judgments rendered be reversed and said causes and each of them be remanded to the respective trial courts, with directions to set aside the judgments there rendered and render judgment in favor of the Johnson Oil Company.

Opposing counsel have filed a response to said motions praying in causes Nos. 23218 and 23219 that this court determine the average number of cars of the company taxable in the state of Oklahoma, and render judgment that that number be ordered taxed in Pawnee county for the years involved, or with directions to the county court of Pawnee county to ascertain the average number of cars in the state of Oklahoma for each of the years involved, and that that court order same assessed and taxed for said years in Pawnee county. In cause No. 23432, the response calls attention to the fact that the record shows that plaintiff in error voluntarily listed for taxation for the year 1931, with the county assessor of Pawnee county, 64 cars valued at $600 each, and prays that this court hold and order that said company is and was thereby estopped to deny liability for taxation in said county for said year on that number of cars and of said value; or that this court determine the number of cars of the company taxable in this state for the year 1931 and order them taxed in Pawnee county for said year; or to remand the case to the district court of Pawnee county, with directions to determine the number of cars of the company taxable within this state for said year and order them assessed for taxation in Pawnee county for said year.

Plaintiff in error replies thereto and asserts that this court has held there is no law in Oklahoma authorizing a tax based upon an "average number" of cars present on a given day at any one taxable point, and that the adjudicated cases on the subject, including the decisions of the Supreme Court of the United States, hold that there must exist express legislative authority for a tax on that basis before such a tax may be assessed and collected, and contends that these three cases should be remanded, with directions to dismiss the proceedings.

It is true that this court in its former opinion stated:

"There is no law authorizing a tax based upon an average number of cars present on a given day at any one taxable point."

But the Supreme Court of the United States, in reversing the judgment of this court, said:

"While, in this instance, it cannot be doubted that the cars in question had acquired an actual situs outside the state of Illinois, the mere fact that the appellant had its refinery in Oklahoma would not necessarily fix the situs of the entire fleet of cars in that state.

"The jurisdiction of Oklahoma to tax property of this description must be determined on a basis which is consistent with a like jurisdiction of other states. The basis of the jurisdiction is the habitual employment of the property within the state." 54 S. Ct. 152, 78 L. Ed. ___.

If the cars in question have acquired an actual situs outside the state of Illinois, this precludes the application of the rule that would make them taxable in the state of the domicile of the owner, namely, Illinois.

The Supreme Court of the United States also said:

"Oklahoma was entitled to tax its proper share of the property employed in the course of business which these records disclose, and this amount could be determined by taking the number of cars which on the average were found to be physically present within the state."

That the cars in question are personal property, and that such of them as are taxable in Oklahoma are taxable as such under the provisions of section 9574, C. O. S. 1921, is beyond question. Travis v. Dickey, 96 Okla. 256, 222 P. 527; Union Refrigerator Co. v. Lynch, 177 U. S. 149.

The proper basis for the assessment and taxation of the tank cars of the Johnson Oil Refining Company for the years involved in Pawnee county is the number of cars which on the average were physically present within said county for the respective years in question.

The motions of both parties are denied and causes Nos. 23218, 23219 are reversed and remanded to the county court of Pawnee county, with directions to determine the average number of cars physically present in Pawnee county for each of the years

454

covered by said causes and order same assessed and placed upon the tax rolls in said county for said years, and cause No. 23342 is reversed and remanded to the district court of Pawnee county, with like directions.

SWINDALL, McNEILL, BAYLESS, and WELCH, JJ., concur.