## POTTAWATOMIE COUNTY v. ARMOUR & CO.

No. 22827.   Jan. 8, 1935.

Rehearing Denied Feb. 12, 1935.

Clarence Tankersley, Co. Atty., J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for plaintiff in error.

Keaton, Wells, Johnston & Barnes, David L. Krebs, Jr., Harry B. Bogg, Jr., and Arthur E. Bristol, for defendant in error.

ANDREWS, J. This action was instituted in the district court of Pottawatomie county by Armour & Company, a corporation, defendant in error, as plaintiff, against Pottawatomie county, the plaintiff in error, as defendant. The trial court overruled the demurrer of the defendant to the petition of the plaintiff; the defendant elected to stand on its demurrer; the trial court rendered judgment for the plaintiff, and the defendant appealed to this court.

The only question presented here is whether or not the refrigerator cars involved had a taxable situs in Pottawatomie county on January 1, 1928.

It is alleged in the petition that the plaintiff is a foreign corporation engaged in the meat packing business; that it owns its own refrigerator cars, including those that are the subject-matter of this controversy; that it used them in the conduct of its business in Illinois and other states, including Oklahoma; that it is not a person or company doing a freight or transportation business; that it is not a public service corporation; that it has no domicile, established office or place of business in Pottawatomie county, Okla.; that it is domiciled in the state of Illinois; that the property involved has a tax situs in Cook county, Ill.; that it is included in the return of the plaintiff to the county assessor of Cook county, Ill.; that the property in question was only temporarily and transiently located in the state of Oklahoma and had no fixed situs in any county of Oklahoma or any other county or state except Cook county, Ill., so far as ad valorem taxation is concerned, and that the cars in question are of a movable nature and used in interstate commerce.

The defendant contends that it was not pleaded in the petition of the plaintiff that the property in controversy was returned for taxation in any other state of the union or in any foreign county. That contention is answered by the language of the petition, which specifically states the contrary.

It is next contended that, by reason of sections 9574 and 9960, C. O. S. 1921 and Laws 1925, c. 179, sec. 1 (sections 12317, 12581, and 12582, O. S. 1931), all property within the state is subject to taxation, unless expressly exempt; that there is no specific or express exemption in favor of foreign-owned rolling stock, and that the taxable situs is in Oklahoma. In support of that contention the defendant cites Travis v. Dickey, Co. Treas., et al., 96 Okla. 256, 222 P. 527. The ruling in that case is in no way controlling in the instant case. Here the owner of the property is not domiciled in Pottawatomie county.

Since this appeal was filed in this court, the opinion of this court in Board of Co. Com'rs of Pawnee County et al. v. Johnson Oil Refining Co., 162 Okla. 185, 19 P. (2d) 168, was rendered; that judgment was reversed by the Supreme Court of the United States in Johnson Oil Refining Co. v. State of Oklahoma ex rel. Mitchell et al., 290 U. S. 158, 78 L. Ed. 238, and this court corrected its judgment to conform thereto in Board of Co. Com'rs of Pawnee County et al. v. Johnson Oil Refining Co., 167 Okla. 452, 30 P. (2d) 692. The rule therein stated is applicable and is applied. At least some portion of the property is taxable in Oklahoma.

The judgment of the trial court is reversed and the cause is remanded for proceedings in conformity herewith.

RILEY, C. J., and McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL and BUSBY, JJ., absent.