### STATE ex rel. STOVALL et al. v. NORTH AMERICAN CAR CORPORATION.

No. 25246.    Oct. 8, 1935.

Amos Stovall, County Atty., for plaintiff in error.

N. A. Gibson, J. H. Maxey, and Wilbur J. Holleman, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Caddo county, Okla. The county attorney, the county treasurer, and the county sheriff appeal from a judgment of said court perpetually enjoining them from attempting to collect certain alleged delinquent ad valorem taxes from North American Car Corporation, a corporation. The county officials will be referred to hereinafter as officials, and the corporation as company.

The following facts are uncontroverted: Company is an Illinois corporation, with its domicile and principal place of business in that state, but with a sales office in Oklahoma. It owns several thousand freight cars, among them being about 4,000 tank cars commonly used to transport liquids, and particularly petroleum products. It holds these freight cars out for hire, and hires them indiscriminately to all who apply for their use and comply with its regulations, and these cars are transported over the railroads of the United States and Canada. These freight cars pass over the railroads of Oklahoma. Anderson-Prichard Oil Corporation owns and operates a refinery at Cyril, Okla., and other refineries in Oklahoma and elsewhere, and has a contract with company by which it has the use of 25 tank cars in connection with its business. Company considered itself a freight car company within the meaning of the laws of Oklahoma (section 9640, C. O. S. 1921, sec. 12407, O. S. 1931), and rendered annual reports to the State Auditor and paid to the state of Oklahoma the mileage tax calculated upon the basis of these annual reports. The tax ferret of Caddo county listed certain tank cars for taxation on an ad valorem basis for certain years, basing the valuation upon the number of said cars located at Cyril, Okla., on the 1st day of January of each of said years. Company did not pay these taxes, and tax warrants were placed in the hands

of the county sheriff to be executed. Company thereupon began an action to enjoin the collection of these taxes.

Officials make two contentions, and company answers these by dividing its argument into five contentions. We do not believe it is necessary to set these out, for if said officials were acting without power or authority in the premises, it is clear that the trial court was correct in its judgment. A discussion and settlement of this point will practically cover the contentions of both parties.

Officials cite and rely upon the opinions of this court in the cases of Travis v. Dickey, 96 Okla. 256, 222 P. 527, and In re Omitted Property Johnson Oil Ref. Co., 162 Okla. 185, 19 P. (2d) 168.

The opinion of this court in the last case was appealed to the Supreme Court of the United States, and that court reversed the holding of this court (Johnson Oil Ref. Co. v. Oklahoma, 290 U. S. 158 78 L. Ed. 238), and our present opinion thereon can be found in 167 Okla. 452, 30 P. (2d) 692. We do not think either opinion lent much support to the officials' position, for in the Johnson Case the refining company owned the tank cars, and voluntarily returned them for taxation upon an ad valorem basis. The only issue was the number of such cars having a taxable situs in Pawnee county, Okla.

We pass to a consideration of the case of Travis v. Dickey, supra. In that case a citizen of Tulsa county, Okla., owned certain tank cars and leased them to a refining company unit at Bartlesville, Okla., for its exclusive use. The facts showed that such tank cars had not been listed for taxation upon an ad valorem basis, and this court was unable to find from the record that taxes had been paid thereon under any other provision of our statutes "in lieu of" ad valorem taxes. This court in discussing the contention that the owner thereof could be classified as a "freight car company" or a "car corporation" found against such contention; but, in discussing the matter generally, it said:

"If a tank car company, whether domestic or foreign, should engage in the business of furnishing tank cars to the public for transporting petroleum products, that is, where such car company, whether domestic or foreign, holds itself out to the public, to any one who may choose to use its cars in transporting petroleum products, it would properly come within the section relied upon, and the 4 per cent. therein provided would then be in lieu of all other taxes for which such property could be liable. * * *"

We are of the opinion, under the facts of the case before us, that the company comes entirely within the statement of this court in that case; that it was not legal or proper to assess its individual cars for taxation upon an ad valorem basis; and that the said officials were acting entirely without power or authority in relation thereto.

Under section 723, O. S. 1931, an injunction may be granted to enjoin the collection of any illegal tax. See Walker v. Hays, 127 Okla. 123, 260 P. 15.

We therefore affirm the judgment of the trial court.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.