Forest A. STAGGS, d/b/a Arlington Memory Gardens, Appellant,

v.

E. Melvin PORTER, Oklahoma County Assessor and Joe B. Barnes, Oklahoma County Treasurer, Appellees.

No. 84720.

Court of Appeals of Oklahoma, Division No. I.

April 4, 1995.

Certiorari Denied June 2, 1995.

Jack B. Fried, Del City, for appellant.

Gretchen Crawford, Oklahoma City, for appellees.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Plaintiff, Forest A. Staggs, is the owner of Arlington Memory Gardens (Arlington), a cemetery located in Oklahoma County. His personal property was assessed for ad valorem tax purposes by Defendant, Oklahoma County Assessor. Plaintiff has paid no ad valorem taxes since 1990. He filed applications with the Board of Equalization for 1992 and 1993 for exemption of ad valorem taxation upon his personal property used exclusively in the operation of his business as a cemetery. Board denied his applications for exemption.

Defendant notified Plaintiff of its intent to enforce collection of the ad valorem tax by tax warrant, turning same over to the sheriff for collection, and directing the sheriff to levy upon Plaintiff's property and sell property in satisfaction of the tax.

Plaintiff filed the instant action, asserting the assessed property is exempt from taxation, seeking an injunction to prevent enforcement of the collection of the tax upon exempt property.

Defendants filed their motion for summary judgment, asserting the property was not exempt, that Plaintiff is not entitled to an injunction, and that because Plaintiff did not tender his taxes regarding a dispute over the legality of the taxes, he may not maintain the instant action.

Plaintiff responded to the motion for summary judgment, Defendants replied to the response, and Plaintiff filed an argument to Defendants' reply. The trial court sustained Defendants' motion for summary judgment. Plaintiff appeals.

■■■ In its motion for summary judgment, Defendants contend Arlington is a private, for profit cemetery, and as such, it is not tax exempt. OKLA. CONST. art 10 § 6 provides, in pertinent part:

... all property used for ... public cemeteries, ... shall be exempt from taxation until otherwise provided by law.

Likewise, 68 O.S.1991 § 2887(6) provides:

The following property shall be exempt from ad valorem taxation:

. . . .

6. All property used for free public libraries, fee museums, public cemeteries, or free public schools;

. . . .

Defendants argue that neither Article 10 nor § 2887(6) exempts Plaintiff's personal property from taxation. Citing *Independent School Dist. No. 9 v. Glass,* 639 P.2d 1233 (Okla.1982), Defendants point out that property is never exempt from taxation except by a special and definite provision by law. However, both art. 10 § 6 and § 2887(6) specifically address tax exemption of public

cemeteries. And even though statutes exempting property from taxation are to be strictly construed against exemptions, *London Square Village v. County Equalization and Excise Board,* 559 P.2d 1224 (Okla.1976), the plain language of both provisions indicates all property, including personal property, used for public cemeteries is exempt from taxation.

■■■ Yet, Defendants further complain Plaintiff's business is not a public cemetery, as set forth in art. 10 § 6 and § 2887(6), but is, instead, a private cemetery operating for profit. In *Heiligman v. Chambers,* 338 P.2d 144 (Okla.1959), in a Syllabus by the Court, the Supreme Court defined a public cemetery and a private cemetery:

1. A cemetery is a place or area of ground set apart for the burial of the dead; one used by the general community or neighborhood, or church, being a public cemetery; while one used by a family only, or a small portion of the community is a private cemetery.

Although *Heiligman v. Chambers, supra,* dealt with whether the common law provided for an easement against the fee for a family burial plot, the definition of a public cemetery is applicable herein. In his affidavit attached to his response, Plaintiff states:

. . . .

2. That Arlington Memory Gardens is a place of ground set apart for burial of the dead.

3. That Arlington Memory Gardens is used by the general community, and that lots thereon are for sale to the general public, and its use is not confined or limited to a particular family or small portion of the community.

. . . .

Arlington is a public cemetery.[1] Pursuant to art. 10 § 6 and § 2887(6) Plaintiff's assessed personal property used in the operation of

---

1. Defendants complain that Plaintiff is operating his cemetery for profit. However, whether property is exempt from ad valorem taxation depends on the purpose for which it is used. *Tulsa County v. St. John's Hospital,* 200 Okla. 176, 191 P.2d 983 (1948). Moreover, in *Cox v. Dillingham,* 199 Okla. 161, 184 P.2d 976 (1947), the Supreme

Court held, "It is the use to which the property is devoted and not the presence or absence of pecuniary profit to the owners which determines whether or not the property is exempt from taxation."

In his affidavit, Plaintiff stated:

Arlington is exempt from ad valorem taxation.

Next, Defendants submit that because Plaintiff failed to timely pursue three available statutory remedies to protest assessment of personal property used in the operation of Arlington, such remedies are exclusive, and he may not call on equitable powers of the Court to grant him relief. They argue Plaintiff pursued none of the remedies available to challenge an assessment under 68 O.S.1991 § 2863, § 2871, or § 2886.

■ However, the subject assessment is based upon art. 10 § 6. Constitutional provisions which exempt certain classes of property from taxation or direct that the Legislature shall not tax designated property are self-executing, and are operative without supplemental or enabling legislation. *Independent School Dist. No. 9 of Tulsa County v. Glass, supra.* In such a case, the property so exempted is not subject to taxation, and the tax assessed thereon is illegal and void, and the Legislature, by passing a law requiring a certain procedure to be followed in asserting the exemption, may not deprive the owner thereof and validate the illegal tax. *Cox v. Dillingham,* 199 Okla. 161, 184 P.2d 976 (1947). Also, in *Cox v. Dillingham, supra,* the Supreme Court held:

> Art. 10, section 8 of the [Oklahoma] Constitution provides for the assessing of property which "may be taxed ad valorem." Since the exempted property is not subject to taxation, the county assessor had no authority to assess to tax against it, and the tax would not be rendered valid, and the constitutional exemption nullified, by failure to follow the statutory procedure.

The Supreme Court also quoted from *Walker v. Hays,* 127 Okla. 123, 260 P. 15 (1927), as follows:

> If the property could be taxed, when the tax ferret followed the procedure provided by law in placing it on the tax rolls and the plaintiff did not appeal therefrom, he would be bound thereby, and, not having pursued his legal remedies, he would not be permitted to pursue the equitable remedy of injunction. If, on the other hand, the

property was not taxable, the county officials had no jurisdiction whatever to levy a tax against the same and any levy made by them would be void, and if the levy was void, then the equitable remedy of injunction could be pursued to enjoin the sale of the property, because any sale made under the tax warrants in such a case would be wholly void.

■ Based on the above authorities, the constitutional exemption is self-executing; therefore, the action of Defendant County Assessor, in assessing the property is void. The Legislature cannot validate the void tax by imposing statutory procedures to be followed in asserting the exemption. Thus, injunction is a proper remedy to prevent enforcement of a tax upon exempt property. Plaintiff is entitled to injunctive relief.

For the foregoing reasons, the order of the trial court sustaining Defendants' motion for summary judgment is REVERSED.

JONES, J., concurs.

JOPLIN, J., dissents.

---

7. That all property assessed by the Defendant, Oklahoma County Assessor, which is the subject of the action in Case No. CJ–93–8566,

was, is, and always has been used exclusively in the operation of Arlington Memory Gardens business as a public cemetery.