Dear Representative Roan:
This office has received your request for an official Attorney General Opinion in which you have asked, in effect, the following question:
 Under what conditions, if any, may county equipment be used or county expenditures made for the upkeep of rural cemeteries (i.e., cemeteries in unincorporated areas), which are exempt from ad valorem taxes?
 GENERAL
You ask whether or under what conditions county funds or equipment may be used in the upkeep of rural cemeteries in unincorporated areas[1]
where such cemeteries are exempt from ad valorem taxation. Public
cemeteries are exempt from ad valorem taxation. OKLA. CONST. art. X, § 6(A); 68 O.S.Supp. 2008, § 2887[68-2887](6). Such exemption is without reference to whether such cemeteries are situated in incorporated or unincorporated areas. Further, the use of a cemetery by the public, and not ownership, determines whether a cemetery is a "public" one. Staggsv. Porter, 897 P.2d 1147, 1149 (Okla. 1995). Thus, to be exempt from taxation a rural cemetery must be a public one, as opposed to one where public access is limited, such as to a family plot. See also Heiligman v.Chambers, 338 P.2d 144, 147 (Okla. 1959).
 USE OF COUNTY RESOURCES FOR CEMETERIES
"Counties have only such authority as is granted by statute." TulsaExposition Fair Corp. v. Bd. of County Comm'rs, 468 P.2d 501, 507
(Okla. 1970); see Shipp v. Se. Okla. Indus. Auth., 498 P.2d 1395, 1398
(Okla. 1972); A. G. Opin. 82-206, at 348. Thus, if a county acting through its board of county commissioners or other county agency has power to do a particular thing, it must be expressly *Page 2 
provided for in the Constitution or statutes, or fairly implied therefrom. Accordingly, we must determine if a county has power to maintain rural cemeteries.
At statehood very few public cemeteries existed; most were plots set aside by families on private land for burial of family members.Heiligman, 338 P.2d at 147. Incorporated cities and towns were soon authorized to acquire up to 80 acres outside municipal limits for a city or town cemetery (see Okla. Stat. Ann. 1908, ch. 10, § 682) but noauthority was vested in counties to own or maintain cemeteries.[2]
Townships were authorized through their boards of trustees to acquire a cemetery (see 1917 Okla. Sess. Laws ch. 107, § 1), but the township form of government has been abolished in Oklahoma. See 1941 Okla. Sess. Laws tit. 75, ch. 4a, § 1; 1977 Okla. Sess. Laws ch. 81, § 1. We find no indication that the Legislature transferred the power to own and operate cemeteries from townships to counties, although the board of county commissioners of any county is authorized to make an annual appropriation for the purpose of caring for cemeteries that were, prior to August 15, 1933, owned or kept by townships. 8 O.S. 2001, § 84[8-84].
Instead of placing the burden of cemetery ownership, operation and maintenance on counties the Legislature adopted the County Cemetery Associations Act, 8 O.S. 2001, §§ 131-144[8-131-144]. See 1949 Okla. Sess. Laws tit. 8, ch. 3, §§ 1 — 12. This legislation allows a County Cemetery Association[3] to be created in each county to take responsibility for ownership and upkeep of rural cemeteries, instead of placing the obligation on county government. We believe such an interpretation is consistent with the statement of public policy on establishment of cemeteries found in 8 O.S. 2001, § 181[8-181], which provides: *Page 3 
 The people of the state have a vital interest in the establishment of cemeteries and the maintenance, preservation and operation thereof. To protect the citizens of the state, to promote the public welfare and public health thereof, and to prevent and guard against cemeteries from hereafter becoming a burden upon the community and the taxpayers of the state, the following provisions are enacted in the exercise of the police power of the state.
Id. (emphasis added). This provision is followed by requirements thatlocations of certain cemeteries be subject to the approval of the board of county commissioners of the county.[4]
As previously noted, when a county cemetery association is organized the obligation of counties to care for old township cemeteries is transferred from the county to such cemetery association. 8 O.S. 2001, § 141[8-141]. The board of directors, the governing body of the cemetery association, has power and authority to make rules, hire employees and lease or purchase equipment to carry out its functions. 8 O.S. 2001, § 136[8-136]. While such an association is required to make an annual estimate of needs and certify such estimate to the board of county commissioners for submittal to the county excise board, the county excise board is not required to approve a levy for the same, unless and until appropriations have been approved in an amount sufficient to sustain the functions of county government mandated by the Constitution and statutes. 8 O.S. 2001, § 137[8-137]. Thus a tax levy for operation of a county cemetery association is, in effect, last in order after the funding of all other mandatory county functions have been accomplished. In light of the 15-mill limitation imposed for general operations of county, municipal and school district purposes in OKLA. CONST. art. X, § 9(a), it would not be surprising to find that little or no ad valorem tax levy is imposed by most county excise boards for operation of county cemetery associations, except for the $3,000 annual budget account permitted by 8 O.S. 2001, § 138[8-138]. There simply may not be enough money to go around in most counties for anything else.
However, a county cemetery association is authorized in 8 O.S. 2001, § 140[8-140] to accept gifts of money or property on behalf of the association and use it for general cemetery purposes. Although the Constitution and statutes make no specific provision for the power of a county cemetery association to charge a reasonable fee for the costs of interment of a deceased person (e.g., costs of opening and *Page 4 
closing a grave), we believe that such authority is fairly implied from the duties imposed by law on such association. See, e.g., Marley v.Cannon, 618 P.2d 401, 405 (Okla. 1980).
Provision has been made by the Legislature for situations where a county cemetery association has never been created or where such association is no longer functioning. The statute provides:
 In any county of this state wherein a county cemetery association has not been organized, as authorized by 8 O.S. 1951, Sections 131-141[8-131-141], inclusive, or has ceased to function after organization, the board of county commissioners is hereby authorized and empowered to utilize employees under their jurisdiction and county-owned tools, machinery, equipment, and materials for the purposes of opening and closing graves and maintaining and improving any publicly-owned cemetery or other cemetery within the county not owned and maintained by an individual or private organization; provided that, where appropriate, a reasonable fee, not to exceed the actual cost of the service, may be charged for such services.
8 O.S. 2001, § 143[8-143]. (emphasis added). Further, Section 144 of Title 8 provides that the board of county commissioners is "authorized and empowered to accept and use monies and other items of value from private and governmental sources for the purpose of opening and closing graves and maintaining and improving said cemeteries" where no county cemetery association exists or is non-functional.
Accordingly, we conclude that where a county cemetery association has not been created under 8 O.S. 2001, §§ 131-141[8-131-141], or such a county cemetery association has ceased to function, Oklahoma law authorizes and empowers a county, acting by and through its board of county commissioners, to use employees under their jurisdiction and county-owned tools, machinery, equipment, and materials for opening and closing graves, and maintaining and improving any publicly-owned cemetery or other cemetery within the county not owned and maintained by an individual or private organization; provided that, where appropriate, a reasonable fee, not to exceed the actual cost of the service, may be charged for such services.
Where a county cemetery association has been created and is functioning we conclude a county, through its board of county commissioners, has no authority to use county-owned equipment, county employees or county money (other than money appropriated by the county excise board for such purposes under 8 O.S. 2001, §§ 137-138[8-137-138]) to open and close graves or maintain rural cemeteries. Whether a county cemetery association has been organized and is functioning involves questions of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Where a county cemetery association has been created pursuant to 8 O.S. 2001, §§ 131[8-131] — 141, and is functioning, a county through its board of county commissioners has no authority to use county-owned equipment, *Page 5 county employees or county money (other than money appropriated by the county excise board for such purposes under 8 O.S. 2001, §§ 137-138[8-137-138]) to open and close graves in, or maintain, tax-exempt rural cemeteries. See Tulsa Exposition Fair Corp. v. Bd. of County Comm'rs, 468 P.2d 501, 507 (Okla. 1970).
 2. Where a county cemetery association has not been created or such a county cemetery association has ceased to function, Oklahoma law authorizes and empowers a county, acting by and through its board of county commissioners, to use employees under their jurisdiction and county-owned tools, machinery, equipment, and materials to open and close graves and maintain and improve any publicly-owned cemetery or other cemetery within the county not owned and maintained by an individual or private organization; provided that where appropriate a reasonable fee, not to exceed the actual cost of the service, may be charged for such services. 8 O.S. 2001, § 143[8-143]. In addition, a board of county commissioners, under such circumstances, is authorized to accept donations and other monies from private and governmental sources for these purposes. Whether a county cemetery association has been organized and is functioning is a question of fact that cannot be addressed in an Attorney General Opinion. 74 O.S. 2001, § 18b[ 74-18b](A)(5).
W.A. DREW EDMONDSON Attorney General of Oklahoma
LYNN C. ROGERS Assistant Attorney General
[1] You do not ask, nor do we address, upkeep of cemeteries in incorporated areas (i.e., municipalities).
[2] In 1917, township boards of trustees were authorized to acquire a cemetery, and boards of county commissioners were authorized to levy up to 1 mill for upkeep of such cemetery. 1917 Okla. Sess. Laws ch. 107, § 1. In 1935, counties were authorized to care for certain pre-1933 cemeteries with a tax levy of not to exceed 1/5 mill for such purpose. 1935 Okla. Sess. Laws ch. 42, art. 1. However, no authority was stated for counties to acquire or care for cemeteries other than the very limited exception stated for cemeteries owned by townships prior to 1933. We note that in 1949 duties and obligations of counties to care for such township cemeteries was transferred to county cemetery associations by virtue of 1949 Okla. Sess. Laws tit. 8, ch. 3, § 11 (current version at 8 O.S. 2001, § 141[8-141]).
[3] A county cemetery association must be distinguished from and not confused with a burial association as provided for in 8 O.S. 2001, §§ 201-231[8-201-231], which relates to activities of embalmers and funeral directors.
[4] We believe this statement of public policy on cemeteries is applicable to help determine the powers of counties, although 8 O.S. 2001, § 182[8-182](c) exempts the provisions of chapter 7 of Title 8 from application to "municipal, religious, fraternal, rural community, township, state, county and nonprofit corporate cemeteries and free community burial grounds" and "cemeteries operated by charitable and eleemosynary institutions." Id. *Page 1