JOHNSON OIL REFINING CO. v. OKLAHOMA ex rel. MITCHELL, COUNTY ATTORNEY OF PAWNEE COUNTY, et al.

Nos. 22, 23, and 24. Argued October 17, 1933.—Decided December 4, 1933.

*Mr. A. A. Davidson,* with whom *Messrs. Charles Y. Freeman, J. F. Dammann,* and *Preston C. West* were on the brief, for appellant.

*Mr. Ed Waite Clark,* with whom *Mr. J. Berry King,* Attorney General of Oklahoma, was on the brief, for appellees.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

These cases present the question of the validity of property taxes laid in Pawnee County, Oklahoma, under the state statute, upon the entire fleet of appellant's tank cars. The challenge in each case was under the due process clause of the Fourteenth Amendment of the Federal Constitution upon the ground that the cars did not have their situs within the State and hence that the State had no jurisdiction to tax them. The taxes in Nos. 22 and 23 were on 380 cars for the years 1925 to 1928; in No. 24, on 381 cars for the year 1931. The assessments in Nos. 22 and 23 were made by the county treasurer and upheld by the County Court. In No. 24 the assessment was made by the local board of equalization and was reduced by the District Court of the County to an assessment on 64 cars, which that Court held to be the average number present in the County on any one day during the year. The three cases (with a fourth, which is not before us, from another County) were consolidated for hearing on appeal in the Supreme Court of Oklahoma. That Court sustained the assessments on the entire fleet of cars, thus affirming the judgment of the County Court and reversing the judgment of the District Court. 162 Okla. 185; 19 P. (2d) 168. The cases come here on appeal.

Appellant, Johnson Oil Refining Company, is an Illinois corporation having its principal office in Chicago, and its refinery at Cleveland in Pawnee County, Oklahoma. The Supreme Court of the State reached the conclusion that all the cars had their " taxable situs " at the latter place. As the asserted federal right turns upon the determination of the question of situs, it is our province to analyze

the facts in order to apply the law, and thus to ascertain whether the conclusion of the state court has adequate support in the evidence. *Beidler* v. *South Carolina Tax Comm'n,* 282 U.S. 1, 8.[1]

-The essential facts are not in dispute. The tank cars are operated in transporting refined products from appellant's factory at Cleveland, Oklahoma, to various points of delivery throughout a large part of the United States. They are almost exclusively engaged in interstate commerce. They are very infrequently used in connection with an oil plant appellant owns in Illinois. They are sometimes loaded at refineries located in States other than Oklahoma. The cars are stenciled " When empty return to Johnson Oil Refining Company, Cleveland, Oklahoma," or " Johnson Refining Company, Cleveland, Oklahoma," and with each shipment go instructions to return the car to Cleveland. The cars are thus billed back to Cleveland unless ordered to another point. At that place appellant has repair trackage, which can accommodate from 12 to 15 cars for minor repairs, and maintains such a stock of materials as can be utilized for repairs outside of a railroad shop. Besides the above-mentioned repair trackage, appellant has trackage at Cleveland with a capacity for about 67 cars.

The cars are almost continuously in movement. Returning to Cleveland to be reloaded, the cars remain on the tracks from twenty-four hours to ten days, depending on the season of the year and the volume of products handled. They are on the tracks for reloading purposes twenty-four hours. Each of the cars makes about one

---

[1] *Kansas City Southern Ry. Co.* v. *Albers Commission Co.,* 223 U.S. 573, 591–593; *Creswill* v. *Knights of Pythias,* 225 U.S. 246, 261; *Northern Pacific Ry. Co.* v. *North Dakota,* 236 U.S. 585, 593; *First National Bank* v. *Hartford,* 273 U.S. 548, 552, 553; *Fiske* v. *Kansas,* 274 U.S. 380, 385, 386; *Ancient Egyptian Order* v. *Michaux,* 279 U.S. 737, 745; *Sterling* v. *Constantin,* 287 U.S. 378, 398.

and one-half trips every thirty days, that is, "each car is loaded at the Cleveland refinery, sent to the point of delivery, returns to the Cleveland plant, is reloaded and sent out again to a point of delivery each thirty days." Each car is outside of Pawnee County and the State of Oklahoma from twenty to twenty-nine days out of each month. It was variously estimated at the trial in No. 22 that the daily average number of cars in Pawnee County during the years 1925 to 1928 was between 37 and 66. The agreed statement of facts in No. 24 states that that daily average during the years 1929 and 1930 was 64; that is, about 16 per cent. of the cars owned by appellant were in Pawnee County and about 84 per cent., on a daily average, were "somewhere in transit outside" of that County.

Although rolling stock, such as these cars, is employed in interstate commerce, that fact does not make it immune from a nondiscriminatory property tax in a State which can be deemed to have jurisdiction. *Marye* v. *Baltimore & Ohio R. Co.*, 127 U.S. 117, 123; *Pullman's Car Co.* v. *Pennsylvania*, 141 U.S. 18, 23; *American Refrigerator Transit Co.* v. *Hall*, 174 U.S. 70, 82; *Union Refrigerator Transit Co.* v. *Lynch*, 177 U.S. 149, 152; *Union Tank Line Co.* v. *Wright*, 249 U.S. 275, 282. Appellant had its domicile in Illinois, and that State had jurisdiction to tax appellant's personal property which had not acquired an actual situs elsewhere. "The State of origin remains the permanent situs of the property notwithstanding its occasional excursions to foreign parts." See *New York Central & H. R. R. Co.* v. *Miller*, 202 U.S. 584, 597; *Southern Pacific Co.* v. *Kentucky*, 222 U.S. 63, 69. But the State of the domicile has no jurisdiction to tax personal property where its actual situs is in another State. *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U.S. 194, 209, 211; *Western Union* v. *Kansas*, 216 U.S. 1, 38; *Frick* v. *Pennsylvania*, 268 U.S. 473, 489. While, in this instance,

it cannot be doubted that the cars in question had acquired an actual situs outside the State of Illinois, the mere fact that appellant had its refinery in Oklahoma would not necessarily fix the situs of the entire fleet of cars in that State. The jurisdiction of Oklahoma to tax property of this description must be determined on a basis which is consistent with the like jurisdiction of other States.

The basis of the jurisdiction is the habitual employment of the property within the State. By virtue of that employment the property should bear its fair share of the burdens of taxation to which other property within the State is subject. When a fleet of cars is habitually employed in several States—the individual cars constantly running in and out of each State—it cannot be said that any one of the States is entitled to tax the entire number of cars regardless of their use in the other States. When individual items of rolling stock are not continuously the same but are constantly changing, as the nature of their use requires, this Court has held that a State may fix the tax by reference to the average number of cars found to be habitually within its limits. *Marye* v. *Baltimore & Ohio R. Co., supra.* This principle has had frequent illustration. It was thus stated in *American Refrigerator Transit Co.* v. *Hall, supra* [p. 82]: " It having been settled, as we have seen, that where a corporation of one State brings into another, to use and employ, a portion of its movable personal property, it is legitimate for the latter to impose upon such property, thus used and employed, its fair share of the burdens of taxation imposed upon similar property used in like way by its own citizens, we think that such a tax may be properly assessed and collected, in cases like the present, where the specific and individual items of property so used and employed were not continuously the same, but were constantly changing, according to the exigencies of the business, and that the tax may be fixed by an appraisement and valuation of the average amount of the property thus habitually

used and employed." See, also, *Union Refrigerator Transit Co.* v. *Lynch, supra; Union Refrigerator Transit Co.* v. *Kentucky, supra; Germania Refining Co.* v. *Auditor General,* 184 Mich., 618; 151 N.W. 605; affirmed 245 U.S. 632; *Union Tank Line Co.* v. *Wright, supra.*

Applying these principles, no ground appears for the taxation of all the cars of the appellant in Oklahoma. It is true that the cars went out from and returned to Oklahoma, being loaded and reloaded at the refinery, but they also entered and were employed in other States where the oil was delivered. Oklahoma was entitled to tax its proper share of the property employed in the course of business which these records disclose, and this amount could be determined by taking the number of cars which on the average were found to be physically present within the State.

The judgments of the Supreme Court of Oklahoma are reversed and the causes are remanded for further proceedings not inconsistent with this opinion.

*Reversed.*