THE TEXAS COMPANY v. CITY OF ELIZABETH CITY.

(Filed 23 September, 1936.)

**1. Taxation C b—Evidence held for jury on question of whether personalty of nonresident acquired situs here for purpose of taxation.**

The evidence on behalf of defendant city tended to show: Plaintiff, a nonresident corporation, purchased certain motor boats from a resident of this State who had theretofore listed and paid personal property taxes thereon to defendant city. After the purchase of said boats, plaintiff continued to use them on the sounds and rivers of this State and the State of Virginia in transporting and delivering goods of plaintiff, as they had been employed by plaintiff before their purchase under the terms of a contract with their former owner. Plaintiff did not remove the boats to the state of its incorporation or elsewhere, but continued to return them each week-end to defendant city and tie them up at its docks and wharves within the city. *Held:* In plaintiff's action to recover personal property taxes paid defendant city on said motor boats, the evidence was sufficient to be submitted to the jury on the question of whether said personal property acquired a *situs* within the city for the purpose of taxation, and were therefore subject to taxation by the city under the exception to the general rule that personal property is subject to taxation at the place of the domicile of the owner.

**2. Appeal and Error G c—**

Exceptions not discussed in appellant's brief are deemed abandoned. Rule 28.

APPEAL by plaintiff from *Small, J.,* at March Term, 1936, of PASQUOTANK. No error.

This is an action to recover the sum of $900.00 paid by the plaintiff to the defendant on 25 January, 1935, under protest, for taxes levied by the defendant for the year 1934, on certain motor boats or vessels owned by the plaintiff, on the ground that said taxes were unlawfully levied by the defendant, for the reason that the city of Elizabeth City was not the *situs* for purposes of taxation of said motor boats or vessels on 1 April, 1934.

At the trial it was admitted that the plaintiff is a corporation, organized under the laws of the State of Delaware, with its principal office in the city of Wilmington in said state, and that the defendant is a municipal corporation, organized under the laws of the State of North Carolina, with authority to levy and collect taxes for municipal purposes on property, real and personal, located within its corporate limits.

It was further admitted that the plaintiff was the owner on 1 April, 1934, of the motor boats or vessels which were assessed for taxation by the defendant for the year 1934; that the taxes levied on said motor boats or vessels by the defendant for the year 1934, amounting to the

sum of $900.00, were paid by the plaintiff on 25 January, 1935, under protest; that demand was duly made by the plaintiff for the refund by the defendant of the amount of said taxes; and that such demand was refused by the defendant prior to the commencement of this action.

Evidence was offered by both plaintiff and defendant tending to support their respective contentions with respect to the *situs* for purposes of taxation of the motor boats or vessels owned by the plaintiff on 1 April, 1934.

The issue submitted to the jury was answered as follows:

"Did the boats in question, for purposes of taxation for the year 1934, have their *situs* in Elizabeth City? Answer: 'Yes.'"

From judgment that it take nothing by its action against the defendant, the plaintiff appealed to the Supreme Court, assigning errors in the trial.

*M. B. Simpson and R. Clarence Dozier for plaintiff.*
*J. W. Jennette and J. H. Hall for defendant.*

CONNOR, J. On its appeal to this Court the plaintiff assigns as error the refusal of the trial court to instruct the jury, as requested by it, in writing and in apt time, that "if you believe all the evidence, and find the facts to be as the evidence tends to show, you will answer the issue 'No.'"

This assignment of error cannot be sustained.

There was evidence at the trial tending to show that on 28 February, 1934, the plaintiff, the Texas Company, a corporation organized under the laws of the State of Delaware, with its principal office in the city of Wilmington in said state, purchased from M. L. Clark, a resident of Elizabeth City, in the State of North Carolina, five motor boats, which had theretofore been used by the plaintiff, under a contract with the said M. L. Clark, in the conduct of its business in Elizabeth City, N. C. After their purchase, the plaintiff continued to use said motor boats in the conduct of its business in Elizabeth City, and was so using said motor boats on 1 April, 1934. The said motor boats had not been removed by the plaintiff from Elizabeth City, N. C., to the city of Wilmington, Del., or elsewhere. They made trips constantly from the date of their purchase to the time of the trial, on the sounds and rivers of North Carolina and Virginia, transporting and delivering for the plaintiff oils, gasoline, and other petroleum products, but returned each week to Elizabeth City, where they were tied up at the docks and wharves of the plaintiff in said city, during each week-end.

Prior to 28 February, 1934, M. L. Clark, as owner of said motor boats, listed the same for taxation by the defendant, the city of Eliza-

beth City, and paid the taxes levied on said motor boats annually by said city. On 1 April, 1934, the plaintiff listed for taxation by the defendant all its property, real and personal, located within the corporate limits of Elizabeth City, other than the motor boats which it had purchased from M. L. Clark on 28 February, 1934. The city of Elizabeth City listed or caused to be listed the said motor boats as the property of the plaintiff, at an assessed valuation of $60,000, and levied taxes for the year 1934 at the same rate as was levied by the said city on all property, real and personal, within its corporate limits.

The evidence tending to show that the actual *situs* for purposes of taxation on 1 April, 1934, of the motor boats owned by the plaintiff at said date, was Elizabeth City, in the State of North Carolina, was properly submitted to the jury, under a charge which correctly applied the law to the facts as they should be found by the jury from the evidence. See *Mecklenburg County v. Sterchi Bros. Stores, Inc., ante,* 79, 185 S. E., 454, and cases cited in the opinion in that case by *Clarkson, J.* See, also, *Johnson Oil Refining Co. v. State of Oklahoma,* 290 U. S., 158, 78 L. Ed., 238, and cases cited in the opinion in that case by *Hughes, C. J.*

The *situs* of personal property for purposes of taxation is ordinarily the domicile of the owner. Where, however, the owner maintains said property in a jurisdiction other than that of his domicile, in the conduct of his business within such jurisdiction, the *situs* of said property for purposes of taxation is its actual *situs,* and not that of his domicile. The exception to the general rule is now universally recognized by the courts, both Federal and state.

Assignments of error appearing on the record, although based upon exceptions duly taken at the trial, but not discussed in the brief of appellant, filed in this Court, are deemed to have been abandoned, and for that reason have not been considered by this Court. Rule 28.

The judgment in the instant case is affirmed.

No error.