## QUEEN CITY BREWING CO. v. DISTRICT OF COLUMBIA.

### No. 8303.

United States Court of Appeals for the District of Columbia.

Argued Jan. 13, 1943.

Decided Feb. 8, 1943.

Writ of Certiorari Denied June 7, 1943.

See —— U.S. ——, 63 S.Ct. 1330, 87 L.Ed. ——.

Mr. E. Barrett Prettyman, of Washington, with whom Messrs. F. G. Awalt and Raymond Sparks, both of Washington, D. C., were on the brief, for petitioner.

Mr. Glenn Simmon, Assistant Corporation Counsel, D. C., of Washington, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, D. C., and Vernon E. West, Principal Assistant Corporation Counsel, D. C., both of Washington, D. C., were on the brief, for respondent.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

This case involves the right of the District of Columbia to assess and collect a

municipal tax on certain personal property of petitioner found in the District on the statutory tax assessment day. Petitioner, a Maryland corporation, is engaged in the manufacture and sale of beer in Cumberland, Maryland. An independent distributor located in the District of Columbia bought and sold petitioner's beer. The method of business was this: The distributor would send his private trucks to Cumberland, purchase and pay for the beer, transport it to Washington and sell it to retailers. Petitioner had no office, plant, warehouse or other place of business in the District and no interest in the property or business of the distributor. No officers, directors or employees of petitioner lived in the District, nor does petitioner pay any person in the District a salary or commission. The District Board of Tax Appeals found that petitioner was not in any of the years in question engaged in business in the District. When petitioner sold its beer in Cumberland it was delivered there to the purchasers in half-barrel and quarter-barrel metal containers and in wooden cases, each containing 24 bottles. The purchaser was required to deposit with petitioner $6 for each half-barrel, $4 for each quarter-barrel and 75 cents for each wooden case, which deposit was refunded when the barrels and cases were returned. It was on these valuations that the tax was assessed. The containers remained in the District only until they were empty. During the years in question petitioner reported and paid taxes to the State of Maryland on all of its containers. The tax years in question in this case are 1938, 1939, 1940 and 1941, and the assessed taxes amounted to $974.90. Petitioner paid under protest and appealed to the District of Columbia Board of Tax Appeals. The Board held the assessments valid and a petition to review was brought to this court.

The Board's decision is founded on the Act of June 29, 1922, which is Section 47—501 of the Code of Laws of the District of Columbia, the Board's view being that under this local tax act the rule in Johnson Oil Refining Co. v. State of Oklahoma, 290 U.S. 158, 54 S.Ct. 152, 78 L.Ed. 238, justified the imposition of the tax. Admittedly, there is no specific provision in the tax laws of the District of Columbia placing an ad valorem assessment on what is generally called migratory personal property belonging to a non-resident of the District,—such, for instance, as a statute found in most of the States imposing a tax on rolling stock of railroads, tank or refrigerator car companies employed in interstate commerce.

We are met, therefore, at the outset with the question whether there is any District law which may be said to apply to the property in question. The basic tax statute provides that all personal property in the District subject to taxation shall be listed and assessed at its full and true value.[1] It requires the assessor annually to cause to be prepared a printed blank schedule, with the rate of tax prescribed. The assessor is required to deliver a copy *"to any citizen applying therefor."* The Act then requires every person, association, corporation, firm or company *"in said District"* liable to taxation to fill out the blank within thirty days, showing thereon his *"address in the District of Columbia,"* and pay the tax on or before the first day of June. By an act of June 29, 1922, making appropriations for the government of the District of Columbia, the provisions of the 1902 Act were enlarged by providing for "a tax at such rate on the real and personal property subject to taxation in the District as will, when added to the other taxes and revenues of the District, produce money enough to enable the District to pay promptly and in full all sums directed by Congress to be paid by the District, * * *." This is now Sec. 47—501 of the Code of the District. By Act of February 18, 1929, D.C.Code 1940, § 47—1206, the returns of personal property were thereafter required to be filed annually in the month of July. (Italics supplied.)

Except the above no taxing statutes of the District are relied upon to validate the assessment and tax on the property we are concerned with. The Board's view was that the last-mentioned provisions authorizing taxation by the District "of all tangible personal property * * * subject to taxation", embraced and included all personal property which *constitutionally* could be made the subject of taxation. This conclusion, we think, is too far reaching to be sustained. Instead, we are of opinion the vital question is whether tangible personal property temporarily in the District, belonging to a non-resident not engaged in business in the District, is intended to be

---

[1] D.C.Code 1940, sec. 47—1201 et seq.

and is taxed under the quoted language of the statute. On reason and authority we think it is not.

■ The statute, which requires the filing of a return as a basis for the assessment, applies by its language only to persons, associations, corporations, firms or companies "in said District." True enough, a person or a corporation may for some purposes be in the District constructively rather than actually. But this is not true of petitioner. It did no business in the District. It maintained no agency here. Its plant is in Maryland. Its sales of beer were made there. There is no language in the statute applicable to this state of facts and none specifically requiring petitioner to file a return. Hence it is not required to pay a tax, since the filing of the return, or an assessment for refusal to file one, when required, is the sole basis for the tax.

■ No rule is better established than that personal property, in the absence of a law to the contrary, follows the person of the owner and has its situs at his domicile. Undoubtedly, the rule has a number of exceptions, one of which is that for purposes of taxation personal property may be taxed at the place where it is actually located. Tappan v. Merchants' Nat. Bk., 19 Wallace 490, 22 L.Ed. 189. But in such a case the assessment on which the tax is based must, in addition to other safeguards to insure fairness, be required by a statute definitely identifying the kind and character of the property subject to the tax. This, we think, clearly appears from Marye v. Baltimore & O. R. Co. 127 U.S. 117, 8 S.Ct. 1037, 1038, 82 L.Ed. 94. That case involved the right of Virginia to tax certain engines and cars belonging to the Railroad Company, a corporation of Maryland, used in the operation of leased roads extending through parts of Virginia. The State act under which the assessment was made required that "Every railroad and canal company not exempted from taxation by virtue of its charter shall report annually, on the first day of June, to the auditor of public accounts, all of its real and personal property of every description as of the first day of February of each year, showing particularly in what county or corporation such property is located," including "rolling stock, including passenger, freight, cattle, or stock, baggage, mail, express, sleeping, palace, and all other cars owned by or belonging to the company," and pay the tax thereon. Rejecting the claim of Virginia, the Supreme Court said: "It is not denied, as it cannot be, that the state of Virginia has rightful power to levy and collect a tax upon such property used and found within its territorial limits, as this property was used and found, if and whenever it may choose, *by apt legislation,* to exert its authority over the subject. * * * But, looking at the statute under which the proceeding in question has been taken for the taxation of this property, we think it quite clear that it has no application to the rolling stock owned by the Baltimore & Ohio Railroad Company employed by it, in the manner described * * *." (Italics supplied.)

■ The court's conclusion was definitely based on the fact that the language of the act did not evince a purpose to include foreign property temporarily found in the taxing State. This holding was in deference to the rule that such property ordinarily has its situs and is taxable at the domicile of its owner. See, also, Buck v. Beach, 206 U.S. 392, 27 S.Ct. 712, 51 L.Ed. 1106, 11 Ann.Cas. 732. These principles are applicable to an even greater degree where, as here, the removed property has not become incorporated in, or commingled with, the property of the taxing authority, nor attained a new taxing situs by reason of having acquired a permanent location in a new jurisdiction. City of St. Louis v. Wiggins Ferry Co., 11 Wall. 423, 20 L.Ed. 192; Ayer & Lord Tie Co. v. Commonwealth of Ky., 202 U.S. 409, 26 S.Ct. 679, 50 L.Ed. 1082. Here the tax is imposed on certain metal beer barrels and wooden cases which were found in the District on July 1 of each of the years in suit. However, it is conceded that these containers were never permanently in the District, but remained only a few days. Obviously, their single excursion into the District would not have subjected the out-of-state owner to taxation, and it could only be on the theory that the particular articles found on the tax day were representative of other like articles which in the course of the business would from time to time replace them that they could be said to be taxable. But if they are legally taxable on this theory, it would only be because legislation to reach them had included a definite and fair method of "average" assessment. Admittedly, there is no such provision in the local laws. In short, as we think, the statute must show not only the kind and character of migratory property to be

taxed, but must provide a method of determining whether the articles present on a particular day fairly average the kind, quantity and value of the replacements, calculated on an annual basis. And there must be adequate machinery to determine and assess the valuation. The District Statute, however, speaks only of the value of particular property present in the District on a particular day. No problem like the one at hand was anticipated or provided for. Riley v. West Union Tel. Co., 47 Ind. 511; State Board of Tax Com'rs v. Holliday, 150 Ind. 216, 49 N.E. 14, 42 L.R.A. 826.

 True enough it is, that the District statutes require that *all* personal property shall be taxed. But the language used, its context, and long continued practice make it clear beyond question that the personal property so contemplated is that having a definite and permanent situs in the District and not that temporarily brought here by non-residents. Thus, as far as we know, the District has never claimed the right to tax other property of non-residents temporarily in the District, such as, for instance, railroad cars, although the Supreme Court has said time and again that such property is constitutionally subject to taxation. See Pullman's Palace Co. v. Pennsylvania, 141 U.S. 18, 11 S.Ct. 876, 35 L.Ed. 613; American Refrigerator Transit Co. v. Hall, 174 U.S. 70, 19 S.Ct. 599, 43 L.Ed. 899; Union Refrigerator Transit Co. v. Kentucky, 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150, 4 Ann.Cas. 493; Johnson Oil Refining Co. v. Oklahoma, 290 U.S. 158, 54 S.Ct. 152, 78 L.Ed. 238. Considered in this view, it is unthinkable that had Congress intended to bring the character of property we are concerned with here within the purview of local taxation it would not have passed adequate laws to this end.

This view in comparable circumstances is expressed and supported by a wealth of authority, in an opinion of Judge Sanford's, which was affirmed and adopted by the Sixth Circuit Court of Appeals in Tamble v. Pullman Co., 207 F. 30, 35. In that case the Tennessee tax statutes provided—as is true in the District—that all property, real and personal, except when specifically exempted, should be assessed for taxation. This, however, was held insufficient to apply to property—Pullman cars—having an actual situs outside the State, but which had been brought into the State temporarily. On this subject both courts said: "It is, however, clear that in order that a state may tax such changeable and movable property used by a foreign corporation within its borders it must by some appropriate legislation fix a taxable situs for such property and provide a method and basis for its assessment. The mere fact that property of a foreign corporation is in a state on a given date does not of itself give it a taxable situs there, when it has not come to rest within the state for a definite time so as to become part of the general mass of property of the state and acquire an actual situs for taxation."

Cf. Old Dominion S. S. Co. v. Virginia, 198 U.S. 299, 25 S.Ct. 686, 49 L.Ed. 1059, 3 Ann.Cas. 1100. The holding was not that the State could not tax the cars, but that it had not done so. See, also, Tennessee Coal, Iron & R. Co. v. Board of Education, 5 Cir., 80 F.2d 307; State v. Union Tank Line Co., 94 Minn. 320, 102 N.W. 721; Standard Oil Co. v. Bachelor, 89 Ind. 1. To the same effect are Herron v. Keeran, 59 Ind. 472, 26 Am.Rep. 87; Senour v. Ruth, 140 Ind. 318, 39 N.E. 946. These two latter cases hold that intangible personal property found in the State, but belonging to a citizen of another State, is not taxable (except in a case in which it has acquired a "business situs") under laws providing for the taxation of all property within the jurisdiction of the State not expressly exempted. So in Southern Express Co. v. Patterson, 122 Tenn. 279, 123 S.W. 353, there was an attempt to assess intangible property of a foreign corporation, and it was held that a statute taxing all property, real, personal and mixed, though it included intangible property of a foreign corporation, still was not adequate in that it failed to fix a situs and provide a method of valuating and assessing. And in Philadelphia, W. & B. R. Co. v. Tax App. Ct., 50 Md. 397, it was held that property of a railroad not a resident of Baltimore could not be assessed in Baltimore under a statute assessing for county and city taxation the property of every railroad in the same manner as the property of individuals. See, also, App. Tax. Ct. v. Western Md. R. Co., 50 Md. 274; Board of Commissioners of Oklahoma County v. Ryan, 107 Okl. 274, 232 P. 834.

We can find nothing in Johnson Oil Refining Co. v. Oklahoma, 290 U.S. 158, 54 S.Ct. 152, 78 L.Ed. 238, strongly relied on by the District, which is contrary to what

we have said. That case involved the taxation by Oklahoma of tank cars engaged principally in transporting oil from the company's refinery, located in that State, to various destinations outside the State. The Oil Company was an Illinois corporation and on that ground claimed immunity from taxation in Oklahoma. The Supreme Court, though recognizing that personal property is normally taxable by the State of its owner's domicile, and likewise that this right is not lost by occasional movements into another State, nevertheless held that the cars in question had acquired, in the circumstances of that case, an actual situs outside their own State and held that Oklahoma in the circumstances was entitled to tax "its proper share of the whole number in use by the Company." In this respect it followed its decision in American Refrigerator Transit Co. v. Hall, 174 U.S. 70, 19 S.Ct. 599, 43 L.Ed. 899, and several subsequently decided cases involving the same problem. But it is a mistake to say that the Supreme Court reached this conclusion on the basis of any particular Oklahoma statute. A careful reading of the opinion shows that the court was concerned only with stating the broad, general principle that "when individual items of rolling stock are not continuously the same but are constantly changing, as the nature of their use requires, this Court has held that a State may fix the tax by reference to the average number of cars found to be habitually within its limits." Johnson Oil Refining Co., supra, at p. 162, of 290 U.S., 54 S.Ct. at page 154, 78 L.Ed. 238.

At the time of the decision there were in existence two tax statutes in Oklahoma, one taxing all property, real or personal,[2] and the other specifically taxing the property of sleeping car companies, freight car companies, car corporations or companies engaged in business in the State.[3] The latter provided for the filing with the Auditor of a statement showing the aggregate number of miles made by cars operated by such companies over the several lines of railroad in the State, the valuation of the cars and the number required to show the total mileage of the cars in any year and for an assessment based on this finding. After the remand by the Supreme Court the case was disposed of in the Supreme Court of the State[4] on the basis of the average number of cars present on a given day at any one taxable point, doubtless responsive to the latter section. But from the beginning to the end of the opinion of the Supreme Court of the United States there is nothing to even suggest that the court considered the question of statutory interpretation.

In view of the foregoing, it becomes unnecessary to pass upon the question whether petitioner's beer barrels and bottle containers in the circumstances we have shown, including the fact that they were brought into the District only on loan and not in the owner's business, would make them taxable under appropriate legislation. Accordingly we express no opinion on that subject. Nor need we consider the case from the aspect of "permanency" as necessary to justify taxation. It is enough, as we think, to point out, as we have attempted to do, that the statutes relied upon apply only to property that has acquired a fixed, definite and permanent taxable situs, which is not true of petitioner's kegs and cases. Reversed and remanded, with instructions to order the refund.

Reversed.

---

[2] Sec. 9574, C.O.S. 1921.
[3] Sec. 9640, C.O.S. 1921.

[4] In re Johnson Oil Refining Co. Property, 167 Okl. 452, 30 P.2d 692.