IN THE OREGON TAX COURT

ALASKA AIRLINES, INC.
*v.*
DEPARTMENT OF REVENUE
(TC 2496)
PACIFIC SOUTHWEST AIRLINES, INC.
*v.*
DEPARTMENT OF REVENUE
(TC 2497)

Robert L. Weiss and James P. Draudt, Weiss, DesCamp, Botteri & Huber, of Portland represented plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 14, 1987.

## CARL N. BYERS, Judge.

Plaintiffs, incorporated and headquartered in other states, are airlines qualified to do business in Oregon. In conducting their businesses, plaintiffs utilize both mobile (primarily airplanes) and nonmobile transportation property. Plaintiffs do not question the taxation of their nonmobile property located in Oregon. This appeal pertains only to property taxes attributable to plaintiffs' mobile property. Although not formally consolidated, the parties agreed for the sake of convenience and efficiency that these cases be tried, briefed and decided together.

By statute, defendant is required to assess plaintiffs' property for ad valorem taxation.

"(1) The Department of Revenue shall make an annual assessment * * * of the following property having a situs in this state:

"(a) * * * any property used or held for its own future use by any company in performing or maintaining any of the following businesses or services * * *: * * * air transportation using aircraft * * * for scheduled air service; * * *." (ORS 308.515)

Because plaintiffs operate both within and without Oregon, defendant valued plaintiffs' property under ORS 308.550(2) using a formula which apportions a part of plaintiffs' property to Oregon. ORS 308.550(2) provides:

"(2) If the value of any property having a situs in this state, of a company operating both within and without the state, cannot fairly be determined in the manner prescribed in subsection (1) of this section, the department may use any other reasonable method to determine the proper proportion of the entire property assessable for taxation in this state."

The method defendant chose in this case was to apply a single-factor formula (time) composed of three elements:

Ground time, flight time (for aircraft landing in and departing from Oregon) and fly-over time (for aircraft which fly over Oregon but do not touch down).

Plaintiffs do not dispute that their operations in Oregon are taxable, nor do they dispute use of the time-factor formula based on the ground time and flight time elements. What plaintiffs do dispute is the inclusion of fly-over time in the numerator of the formula. Plaintiffs' claim that inclusion of fly-over time in the numerator is contrary to the "reasonable" requirement of the statute and violates the Due Process Clause and the Commerce Clause of the United States Constitution.[1]

■    The cases which chronicle the history of taxation of businesses operating interstate are numerous and not always consistent. Although the United States Supreme Court has applied the Due Process Clause and the Commerce Clause with overlapping requirements in some cases, they are not the same. Privilege and income taxes need to satisfy the "nexus" test of the Due Process Clause but property taxes can only be imposed on property which has "situs" in the taxing state. Further, in the area of property taxation, it is necessary to distinguish cases where the issue is the amount of property taxable as opposed to the value of the property taxable. *Adams Express Co. v. Ohio State Auditor,* 165 US 194, 17 S Ct 305, 41 L Ed 683 (1897).

■    Consequently, it is necessary to relate the language of the cases to the underlying tax concepts.[2] For example, plaintiff cites *Wisconsin v. J. C. Penney Co.,* 311 US 435, 444, 61 S Ct 246, 85 L Ed 267 (1940), for the proposition that the tax must bear "fiscal relation to protection, opportunities and benefits given by the state." Plaintiff argues that: "It is clear that it is the degree of presence for commercial purposes and the substance of the contacts which give rise to taxability."

---

[1] The statutory standard of "any other reasonable method" is implicitly controlled by the constitutional standards. The court is unable to visualize a method which would meet the constitutional requirements but would be otherwise considered unreasonable.

[2] As Justice Douglas pointed out in his concurring opinion in *Braniff Airways v. Nebraska State Board,* 347 US 590, 74 S Ct 757, 98 L Ed 967 (1953):

"What might be an adequate formula for a gross receipts tax might be inadequate for an ad valorem tax."

(Plaintiff's Post Trial Memorandum, at 14). While plaintiffs' argument and its quotation of the court are appropriate to that case, which was a privilege tax case, such may be somewhat misleading as to a property tax case. If property is located in a state, it is subject to taxation regardless of whether it is used for commercial purposes or used at all. Jurisdiction to tax property is not a function of its use but of its location.

Defendant's citation of *Communication Satellite Corp. v. Franchise Tax Board,* 156 Cal App 3d 726, 203 Cal Rptr 779 (1984), which was an income tax case, is likewise of little benefit in this case. Looking to an income tax case for guidance, either in terminology or tests, may be misleading for a property tax case.

*Commerce Clause*

The fundamental basis for taxing plaintiffs' property was explained by Justice Douglas in his concurring opinion in in *Braniff Airways v. Nebraska State Board,* 347 US 590, 74 S Ct 757, 98 L Ed 967 (1953), where he stated:

"My understanding of our decisions is that the power to lay an ad valorem tax turns on the permanency of the property in the State. All the property may be there or only a fraction of it. Property in transit, whether a plane discharging passengers or an automobile refueling, is not subject to an ad valorem tax. *Property in transit may move so regularly and so continuously that part of it is always in the State. Then the fraction, but no more, may be taxed ad valorem.*" (Emphasis supplied.)

Or, as stated in *Johnson Oil Refinery Co. v. Oklahoma,* 290 US 158, 162, 54 S Ct 152, 78 L Ed 238 (1933):

"The basis of the jurisdiction is the habitual employment of the property within the State."

For the ad valorem tax, the test under the Commerce Clause is simple. As stated by the United States Supreme Court in *Ott v. Mississippi Valley Barge Line Co.,* 336 US 169, 173, 69 S Ct 931, 93 L Ed 585, 589 (1948):

"The problem under the Commerce Clause is to determine 'what portion of an interstate organism may appropriately be attributed to each of the various states in which it functions.' [Citing *Nashville, C and St. L. R. Co. v. Browning,* 310 US 362, 365, 84 L Ed 1254, 1255, 60 S Ct 968.]"

Or, as stated in the negative:

"A State will not be permitted, under the shelter of an imprecise allocation formula or by ignoring the peculiarities of a given enterprise to 'project the taxing power of the state plainly beyond its borders.'" *Norfolk and Western R. Co. v. Missouri Tax Com.*, 390 US 317, 88 S Ct 995 19 L Ed 2d 1201 (1968).

Thus the test under the Commerce Clause is whether the formula employed by the defendant fixes a reasonable fraction of plaintiffs' mobile property as being situated in the State of Oregon by virtue of its habitual employment in the state.

In *Ott v. Mississippi Valley Barge Line Co.*, *supra*, Louisiana and the City of New Orleans levied ad valorem taxes on the plaintiff's barges which transported freight interstate via the Mississippi and Ohio Rivers. The formula for apportioning the ad valorem tax was the ratio between the number of miles in Louisiana and the total number of miles in the system. In upholding the tax, the court found no difference between water vessels and railroad cars as far as applying the Due Process Clause or the Commerce Clause. Later, the court in *Braniff Airways v. Nebraska State Board*, 347 US 590, 74 S Ct 757, 98 L Ed 967 (1953), found that:

"A closer analogy exists between planes flying interstate and boats that ply the inland waters. We perceive no logical basis for distinguishing the constitutional power to impose a tax on such aircraft from the power to impose taxes on river boats." (At 600.)

■ ■   This court likewise finds no logical distinction between boats which ply Oregon's navigable inland waters, over which the federal government has jurisdiction, and airplanes which fly the skies of Oregon, over which the federal government has jurisdiction. In both cases, the state's power to tax is not displaced by the federal government's power to regulate. Regulation does not remove the property from the presence of the state.[3] The court finds that the inclusion of the fly-over time in the formula is reasonable. Application of the

---

[3] In so deciding, the court is assuming that plaintiffs airplanes fly low enough to be in Oregon airspace as opposed to being in outerspace. As technology changes, undoubtedly an issue which must be decided in the future is where air ends and space begins. *See, for example,* Arnold Duncan McNair, *The Law of the Air,* (3d ed 1964).

formula does not allocate to Oregon property which is outside its borders. The purpose of the formula is to measure that portion of plaintiffs' property which is habitually employed within the state. If the formula is accurate, "freezing" plaintiffs' operations at an average instant on a typical day would find approximately the same proportion of property in Oregon as indicated by the formula.

Plaintiffs argue that use of the fly-over element in the numerator is not appropriate because plaintiffs airplanes which merely fly over have no contact with and receive no benefits from the state. If this were true, then the fly-over factor should not be included in either the denominator or the numerator. If it is not relevant to determine the presence of property for tax purposes, its relevance is not affected by the fact that plaintiff may wish to use it in the denominator.

The court acknowledges the point made by Justice Frankfurter in his dissent in *Braniff* that while one state's formula may be reasonable, the uncoordinated cumulative effect of different reasonable formulas of many states may impose an undue burden on interstate commerce. Plaintiff argues strenuously that defendant's position erroneously assumes all states use the same formula and fails to recognize that the state of domicile may tax all unapportioned property. This court is in no better position than was the Supreme Court in *Braniff* to determine whether in fact there is any danger of plaintiffs being subject to double taxation. It is clear, however, that the domiciliary state cannot tax the full value of property located only part of the time in that state. *Standard Oil Co. v. Peck,* 342 US 382, 72 S Ct 309, 96 L Ed 427 (1952). If plaintiffs' airplanes are habitually employed in other states, which would appear to be the case for regularly scheduled airlines, plaintiffs should be able to avoid the undue burden they fear.

*Due Process*

The Fourteenth Amendment of the United States Constitution prohibits depriving a person of property without due process. As applied to taxation, the law assumes that the quid pro quo for the tax taken by government are the benefits received. The tax burden, when compared with the benefits, may fall unequally upon taxpayers.

"This is almost unavoidable under every system of direct taxation. But the tax is not rendered illegal by such discrimination. Thus every citizen is bound to pay his proportion of a school tax, though he have no children; of a police tax, though he have no buildings or personal property to be guarded; or of a road tax, though he never use the road." *Union Refrigerator Transit Co. v. Kentucky,* 199 US 194, 203, 26 S Ct 36, 50 L Ed 199 (1905).

"Moreover, there is no requirement under the Due Process Clause that the amount of general revenue taxes collected from a particular activity must be reasonably related to the value of the services provided to the activity. Instead, our consistent rule has been:

"Nothing is more familiar in taxation than the imposition of a tax upon a class or upon individuals who enjoy no direct benefit from its expenditure, and who are not responsible for the condition to be remedied.

"A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes.'"
*Commonwealth Edison Co. v. Montana,* 453 US 609, 622, 101 S Ct 2946, 69 L Ed 2d 884 (1981).

■     Thus the basic test of the Due Process Clause may be phrased as follows:

"The simple but controlling question is whether the state has given anything for which it can ask return." *Wisconsin v. J. C. Penney Co.,* 311 US 435, 444, 61 S Ct 246, 85 L Ed 267 (1940).

There can be no question that Oregon affords plaintiffs substantial benefits as to its airplanes which land in and depart from Oregon. The question is whether plaintiffs' flyovers receive any benefit that would justify the inclusion of that element in the apportionment formula.[4] The court believes the answer to this question is affirmative. Oregon's criminal laws and its enforcement of those laws extends into the skies as well as upon the waterways and the land. Defendant points out that Oregon provides funds for search and

---

[4] Although defendant disclaims that the tax is being imposed on the fly-over planes, that is precisely the effect of including them in the formula.

rescue at no cost to the airlines if a plane were to go down. Theoretically, however, it is not necessary to find specific benefits for the fly-over planes only. The benefits received by plaintiffs' operations which touch down in Oregon are sufficiently great to extend to all of plaintiffs' property in Oregon under the "benefits of civilization" test.

The court finds that inclusion of the fly-over time element in the apportionment formula is a "reasonable method" to apportion plaintiffs' property for taxation in Oregon. The court further finds that the formula meets the requirements of the Commerce Clause by determining an appropriate fraction of plaintiffs' property that is habitually employed within the state and also meets the requirements of the Due Process Clause by providing broad scope benefits directly and indirectly to plaintiffs and their properties. Judgment will be entered in each case consistent with this opinion. Costs to neither party.